You're the next case Garcia Garcia versus Lynch Good morning your honors may it please the court my name is Daniel winner from day Pitney on behalf of the petitioner mr. Garcia Garcia the Board of Justice and the petitioner is the court's attorney and I'm here to present the case of the pre-Iraq convictions for attempted aggravated assault and petty larceny were categorically crimes involving moral turpitude if this court holds that either of those convictions is not a crime involving moral turpitude then the case should be remanded to the BIA because he would be eligible for waiver of all of his pre-Iraq offenses require two crimes of moral turpitude yes your honor he after the after the he gets his aggravated felony presumably the drug offense and then after that there has to be crimes of moral turpitude your honor it could be a removability for either an aggravated felony or two crimes involving moral turpitude after IRA was passed it would have to be two crimes involving moral turpitude would necessarily be attempted third-degree assault and petty larceny would be the two though were there you would your client would lose but both of them would have to be there yes your honor if there are two crimes involving moral turpitude after IRA on what we have in front of us those would be yes there's no third there is not a third the all of his other offenses that were basis for removability were before IRA was passed so they could be waivable under 212 C exactly but if if if your honors found that both of those offenses were crimes involving moral turpitude but that his pre IRA aggravated felony narcotics offense was not an aggravated felony then he would be eligible for 212 H relief which the BIA did not consider because he had an aggravated felony so there's kind of two different paths all of them are on the table then yes all of them are on the table but if your honors were to find that one of the two post IRA crimes was not a crime involving moral turpitude then remand would be appropriate because all of his pre IRA offenses could be waived under 212 C which would leave him then with only one yes your honor we have the three and four the two after the cutoff day yes now what else this assumed purposes of argument that yes indeed he the record supports the BIA with respect to those two what is that the end of the road or must we then also look at the drug charge to find out whether that's what what else do we have to look at besides those two sure if if your honors find that the two are crimes involving moral turpitude we would ask your honors to consider whether the drug the controlled substance offense is an aggravated felony the BIA found it was an aggravated felony if it is not an aggravated felony he would Mr. Garcia would be eligible for waiver of removal under 212 H notwithstanding that the two crimes involving moral turpitude they disappear from the now yes one of the points you make in your brief throughout is that the BIA and and and the IJ basically violated the the basic tenets of categorical analysis yes your honor they actually looked at the crimes committed as opposed to the statute which is they're confined to do is that correct yes your honor that's that's one of the things that you would like like us to do yes yours to analyze this that way now and I take it that and you've made arguments in in all of these cases that there are ways in which these crimes can be committed that would not be crimes of moral turpitude and that's what's required in order to and that's that's what you need to show that it categorically is not yes yes that's correct your honor okay and and crimes involving moral turpitude for the I suppose there are two post IRA convictions and two pre IRA convictions and then there's also one pre IRA aggravated felony which is susceptible to the same analysis drug yes your honor the the immigration judge and the BIA both looked to the substance that Mr. Garcia was convicted right he was convicted under a statute that does not require a controlled substance that that particular one is raises the issue of whether it could be subject to the modified categorical approach in other words if you look at each offense as it affect a separate element of the crime each each different drug as a separate element then you could conceive conceivably construe that statute as being divisible but your position is that that that would be incorrect to do that that's exactly right your honor and the reason for that is because the statute he was convicted of his criminal sale in the fifth degree and all that statute says is that somebody is guilty of criminal sale in the fifth degree when they knowingly and unlawfully sell a controlled substance that's it then that would refer to the statute that defines what a controlled substance is other New York statutes like criminal sale of a controlled substance in the third degree break it out so that you are convicted of that if you sell so much of certain drugs so if you sell a 500 grams of cocaine for example that would be one this statute the one he was convicted of just this controlled substance there is no requirement under New York law that the people prove which controlled substance it is just that it was a controlled substance so our argument is that it is not divisible so it's not divisible because it deals with the means rather than the element yes your honor that's exactly anything that could be sold like you know I don't know some my relatively minor drug that's correct your honor and at the time of mr. Garcia's conviction for that in 1993 there were several substances which we would make them make it not an aggravated felony to sell those if I might your honors I do want to just take a moment to talk about the petty larceny conviction as your honors undoubtedly saw with the 28 J letters that both sides submitted there were two there were two findings from the BIA two weeks ago that changed the manner in which the BIA considers whether a larceny offense is a crime involving moral turpitude one of those cases specifically found that the statute mr. Garcia was convicted of New York penal law 155.25 is a crime involving moral turpitude we requested our 28 J letter the opportunity to brief that issue to have supplemental briefing on that issue and I think it's important because the Board of Immigration Appeals in those two opinions departed from 70 years worth of precedent that set a distinction between different kinds of thefts different kinds of larcenies some were crimes involving moral turpitude some weren't the parties briefed that issue under the 70 year precedent and then all of a sudden two weeks ago the BIA changed its mind and our argument is that we should have the opportunity to challenge the BIA is whether this court should give the BIA deference under Chevron for the first the interpretation of whether it is a crime involving moral turpitude but more than that we would ask for the opportunity to explain to the court why 155.25 is not a crime involving moral turpitude even under the new another option I suppose is for us to remand to let the BIA reevaluate everything under the proper standards under the recent case law right my time is up your honor thank you that is one avenue your honor another avenue of course is to see whether I suppose it would be the obey a case which is the case that this court had remanded to the BIA which is where they determined that 155.25 was a crime involving moral turpitude that case might be appealed I don't know but your honor could remand this case to the BIA to ask them to reevaluate it under the new standard that was announced two weeks ago that was part from that I mean the other issues in the case seem to suggest remand because of the misapplication in your in your view of the categorical approach so clarification as to what the categorical approach entails and more specifically what you can't look at and would be the instructions to the BIA yes your honor that that would be suitable as well especially because as we argue there the BIA's analysis regarding for example the attempted assault in the third degree conviction first of all they looked at documents that were improper under Shepard you make the point that that can't apply because you actually have to have an injury a physical injury and with the attempt you don't get it that's correct your honor and there was there was nothing said about that all the BIA did was cite the Salone case which made the point that your honor just made and then deemed it to be a crime involving moral turpitude thank you thank you your honor time for rebuttal thank you may please the court your honors Tim remnants on behalf of the United States Attorney General Loretta Lynch this immigration case picture challenges a decision of the board finding the movable as a criminal alien based on the   grounds first being a movie is an aggravated felon the second as a controlled substance offender and a third as an alien who committed two or more crimes involving moral turpitude these are based on four separate convictions under New York law and as we go through them we'll see many of these challenges are not exhausted and otherwise they lack merit but preliminary also like to note what he does not challenge he's waived many of these claims are based on solely the mobility and starting with the first ground mobility the aggravated felony ground this was based as 1995 1993 conviction in New York law for attempted sale of a controlled substance PCP as this was under law was you know fifth degree right fifth degree correct categorically which we must do is not we don't look at the PCP we look at whether if it unless it's divisible somehow and then it gets under that but under the modified categorical approach but he's made the argument that there is no applicability applicability of the modified categorical approach because the statute's not divisible it's just a sale of a controlled substance of the fifth degree which can be satisfied by certain crimes in New York but that do not measure up to the federal offense and what's wrong with that analysis and the schedules have different the New York schedule has additional drugs on it that the federal schedule doesn't have correct so we start with the first part of the statute which is the actual drug trafficking activist race that's not challenged he concedes that's categorically covered by Pasquale Beholder and the unpublished decision cited by the government Andrews so we're not looking at drug tracking we're looking at just whether or not it's a federally controlled substance whether or not that's divisible but if but you know the categorical approach you look at elements correct to see whether it's divisible means for committing the crime committing a single element and here it's trafficking in a controlled substance isn't that the element and not without regard to this specific right that is one of the elements and I think what we showed in our twenty H.A. letter after Mathis came out the Supreme Court case in June which came out after briefing was completed in this case which discusses the categorical approach and divisibility and what it means to have a divisible statute and what it means to have elements and what Mathis explains an element is anything that the jury has to find unanimously beyond reasonable doubt in order to convict in our twenty H.A. letter we attempted to show that under New York law in these drug prosecutions an element of the offense is the specific controlled substance involved so but it's interesting that particular substance apparently doesn't have to be charged to the jury it's just controlled substance and then the government can satisfy that by people can satisfy that by proving a control I think why is that different from a statute that makes it a crime to commit a murder and then specifies that the murder may be by A.B.C. you know hanging stabbing shooting strangling I think it's different because while we do have that broad stroke just language in the statute which says any instructions that we submitted the link to for this exact fifth degree distribution statute they all state that despite the wording that statute references another New York law about the controlled substance schedule and each one of these convictions there will always be the specific drug no matter what maybe in the indictment but do they have to is the question and you know a or and therefore does that make it make it divisible I mean normally the divisible statutes are numbered sections right that you know robbery can be there are four different sections under robbery the first degree anywhere one of which could be the offense and then the question is are all of them are they divisible and is there one that might be it could be charged under that that would be a crime under New York law but not under the federal statute correct I think that's starting with discounts that's the prior Supreme Court case discussing visibility which focused more on grammar and syntax you have a case involving in which the drug offenses have been set forth under sale of a drug in the fifth degree in which the different drugs have been specified as different elements it's not I don't believe the case was fifth degree but the case butler a state court case from New York which we laid out in a 20 or cited in a 28 J talks about duplicity of charges and talks about how they'll never be or should not be a single charge which puts two drugs into that charge so for example if there was a charge of fifth degree distribution for sale of heroin or cocaine that is not a valid count under New York law to have to only heroin or only cocaine in separate charges and that fits the math is test for divisibility which what a jury needs unanimously convict there be no disagreement over the drug involved in that case because there can only be one drug per charge they would have to sustain that charge by finding heroin was the drug involved or cocaine was drug involved in the second charge and that also goes along with the sufficiency of pleadings cases which were cited in that 28 J as well respond to the argument that it was possible in 1993 for a defendant to have been convicted of possession attempted sale of a drug that was on the New York schedule but not on the federal schedule that's quite possible and that that's where you get to the modified approach this question divisibility to determine whether or not it was a federally controlled substance so if you determine the statute here are we able to to tell what the drugs were that were yes and then criminal information states the drug is PCP and I'd like it's divisible then you would look at the particular in order to figure out which particular how it's divisible what the different categories are then you would have to look at the drugs and if that then you can look at the indictment you can look at various various statutes if it's divisible correct and you turn to the record of conviction everything depends upon it being divisible from your perspective yes but I'd like to note there really we got this question of visibility without first considering petitioners pleading stage admission in this case he admitted the drug at the pleading stage was PCP and in the NTA under allegation for it states it alleges this conviction 1993 involved PCP this allegation was read to him he agreed yes it was PCP under this court's case law who'd ho verse holder specifically from 2011 it states that once there has been a pleading stage admission that relieves the government of its burden at that point to establish movability or to establish that fact so that fact that it was PCP I don't know how that's treated after Mathis I mean which basically says you look at the statute you don't look at the actual crime I mean the crime the crime is whatever one thinks of this rule I mean you know it seems a little different to say the least not to look at the crime but but the actual conduct but it said the rule now is as I understand it under the categorical approach is that you look at the statute and you can only look at the statute and you and you use these other things to determine how the statute is divisible but then once you once you reach the question when you once you find it divisible and you settle on a particular subsection then that's the end of it as far as looking at the actual crime that's committed then you must look only at the statute I believe that's correct in a sense that Mathis doesn't dictate it's ruled by the actual subsections of a statute that's more of discomps and what that decision addressed and involved in Mathis stating that an elements could be is whatever a jury has to unanimously agree upon to convict versus the means which they didn't and we're trying to demonstrate in our 20 HA why shouldn't we send this back for the agency to apply Mathis to consider the recently announced standards to do a proper analysis of the crimes involving moral turpitude well if the court were to defer to the boards divisibility analysis that would be the proper approach but this court has stated in pressing decisions that the BIA has no particular expertise in determining the visibility of the statute but the crimes involving moral turpitude the agency didn't even decide whether to apply categorical or modified categorical because these board decisions they found that categorically these crimes constitute crimes involving moral turpitude you don't get there by just saying it you actually have to determine whether or not there are ways in which that crime could be committed under state law that do not affect the federal question well if we want to start for example with assault the third degree assault conviction the petitioner sustained the board had case law matter of salon which said categorically this involves moral turpitude every way you convict under the statute involves moral turpitude they never had to reach any questions of divisibility you never had law on this subject and same now with the larceny convictions let's assume that the problem is that this whole analysis gets a little complicated because let's assume that the New York State Court of Appeals permits assault convictions to stand which are not comprised assault under the federal rules because it's in effect only a battery or it's just a touching in certain circumstances then the crime could be committed and you could be convicted under state law but you wouldn't be guilty under the federal offense for that and therefore it would not satisfy the test and so I'm not sure a pronouncement by the BIA at some time in the past is necessarily conclusive I think when matters salon for example when it looked at this assault statute looked at subsection one specifically it's not the other two subsections of the assault statute and they looked at the laws I believe in that case they found it was specific intent to cause you couldn't have de minimis injury couldn't have offensive touching and that's why it was categorically moral turpitude even under the definition he pled guilty to his attempted assault correct correct and doesn't the federal statute require a physical injury I believe there's no federal counterpart exactly at this stage what the BIA's decision and what this court stated in the unpublished decision affirming matter of salon was that there are just different gradients of assault there can be specific intent there can be reckless intent there can be negligent intent and then there can also be matching different levels of injury and so what matters salon goes through is that we have in this case under subsection one there has to be some injury that's my question and how was there injury how did he plead guilty to injury when it was only the attempt because the attempt can be committed without without actually carrying out the crime well matter salon petition puts a lot of places a lot of emphasis on this need for a physical injury and that's removes it somehow from the definition of his attempt to do that physical injury removes it from the definition of moral turpitude but what this court stated about moral turpitude the most important part of that analysis is evil intent and it stated in Meyer that raises the question about whether an attempt changes the changes the analysis well the attempt is still he does that same intent attempt has the same specific intent to do harm so what you're but the board is finding morally reprehensible in this case is that intent to do harm to and cause of substantial physical injury that's beyond the minimus beyond offensive touching that's what's important and so attempt to do that same crime is no less morally reprehensible than doing the crime itself you still the same mindset for a murder example it's shooting a bullet someone to kill them and missing them has the same intent and is no less morally reprehensible than actually killing that person and that's what the board's analysis states as far as the other crimes involving moral turpitude go even if he committed an aggravated felony or a drug offense he's entitled to 212 relief unless there are further crimes of moral turpitude correct so those require the categorical approach as well correct correct I'm not sure that I sense meeting with the BIA did here it seemed to me that they were more inclined to look at the actual offense rather than the category so you're asking what would happen on remand yeah well I mean would you agree then that it could go back for remand on that question there are many moving parts so yes if the court does not affirm the two CIMTs or shorthand for crime involving moral turpitude for example after 1996 then it can go back and affirms the aggravated felony it can go back for determination whether that can be waived in their 212 C for example thank you we'll hear the rebuttal thank you your honor just to start with the the BIA said two different things that I think are telling the first thing is and this is a quote in previous cases we have held that neither the offender's state of mind nor the resulting level of harm alone is determinative of moral turpitude it also said quote the reasoning from these decisions these are the decisions addressing assault under as a crime involving moral turpitude the reasoning from these decisions reflects that at least in the context of assault crimes a finding of moral turpitude involves an assessment of both the state of mind and the level of harm required to complete the offense so the BIA is recognizing that there's two things that make assault a crime involving moral turpitude there's an intent to do something really bad and then there's the doing of that thing and this court a panel of this court in the endorsed that view and said well in this case because there was this evil intent and because the harm was completed we agree that an aggravated assault in the third is a crime involving moral turpitude but in this particular case Mr. Garcia did not cause any harm he attempted to do it so that would be like looking at assault as it was at common law as distinct from battery assault a common law required no actual injury only the intent it was battery that required the actual touching and that's the way the BIA seems to have treated this statute as far as the drug case goes I would refer this court to the Malooly decision which was two terms ago I believe from the Supreme Court that's the one where Kansas did not require the identification of any particular controlled substance and under the categorical approach the Supreme Court agreed and said that because it's not listed in the statute there's no requirement that it be an element of the offense. Thank you Your Honor.